THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 3:20-cv-00306-MR

WALTER TIMOTHY GAUSE,            )
                                 )
                    Petitioner,  )
                                 )
vs.                              )   **MEMORANDUM OF**
                                 )   **DECISION AND ORDER**
                                 )
ERIK A. HOOKS, Secretary of      )
Department of Public Safety,     )
                                 )
                    Respondent.  )
_____)

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1]; Motion to Proceed in Forma Pauperis [Doc. 2]; Motions to Amend [Doc. 6; Doc. 7]; Motion for Appointment of Counsel [Doc. 8]; "Motion for Judicial Plenary Review De Novo" [Doc. 9]; Motion for Writ of Mandamus [Doc. 10]; and Motion for Evidentiary Hearing [Doc. 11].

**I.   BACKGROUND**

Walter Timothy Gause (the "Petitioner") is a prisoner of the State of North Carolina who was convicted by a jury in Mecklenburg County Superior Court on February 20, 2014 on of robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and conspiracy to commit

robbery with a dangerous weapon. State v. Gause, 772 S.E.2d 265, 2015 WL 1529828, at *1-2 (N.C. Ct. App.) (unpublished), disc. rev. denied, 776 S.E.2d 858 (2015) (Mem.). The trial court sentenced Petitioner to consecutive active sentences of 146–185 months imprisonment for the robbery and conspiracy convictions, and 59–80 months for the assault conviction. Id. at *2. After seeking post-conviction relief in the state courts, the Petitioner filed a Petition for Writ of Habeas Corpus with this Court. Gause v. Perry, No. 3:16-cv-00631-FDW, 2017 WL 581331, at *1 (W.D.N.C. Feb. 13, 2017). On February 13, 2017, the Court entered an Order that granted the Respondent's Motion for Summary Judgment and denied the Petition for Writ of Habeas Corpus. Id.[1] The Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the Petitioner's appeal on September 20, 2017. Gause v. Perry, 697 F. App'x 220 (4th Cir. 2017).

On August 2, 2020, the Petitioner filed the present Petition for Writ of Habeas Corpus. [Doc. 1]. On the same date, the Petitioner filed an application to proceed in forma pauperis. [Doc. 2]. On September 25, 2020, the Petitioner filed a Motion for Appointment of Counsel [Doc. 8]. On September 16, 2020, the Petitioner filed a Motion for Writ of Mandamus. [Doc. 10].

---

[1] The Honorable Frank D. Whitney presiding.

## II. DISCUSSION

The Court first considers the Petitioner's request to proceed in forma pauperis [Doc. 2]. Based on the information provided by the Petitioner, the Court is satisfied that Petitioner does not have sufficient resources with which to pay the filing fee for this matter. Therefore, the Petitioner's Motion to Proceed in Forma Pauperis will be granted.

The Court next considers the Petitioner's Motions to Amend. [Doc. 6; Doc. 7]. Under Federal Rule of Civil Procedure 15, a party may amend its pleadings within 21 days of filing or with the Court's leave, which should be given freely "when justice so requires." Because the Respondent has not yet responded to the Petitioner's habeas petition, the Court concludes that no harm will come from allowing the Petitioner's amendments. Accordingly, the Petitioner's Motions to Amend will be granted.

The Court turns next to the substance of the Petitioner's habeas petition, as amended. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the

3

appropriate federal court of appeals. See 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

As noted above, the Court has previously denied a § 2254 petition from the Petitioner challenging his conviction. Gause v. Perry, No. 3:16-cv-00631-FDW, 2017 WL 581331, at *1 (W.D.N.C. Feb. 13, 2017). In that Order, the Court granted the respondent's motion for summary judgment on one of the Petitioner's grounds for relief and concluded that the Petitioner's other basis for relief was procedurally defaulted. Id. at *9. That Order constituted an adjudication on the merits. Shoup v. Bell & Howell Co., 872 F.2d 1178, 1181 (4th Cir. 1989) (citations omitted) (noting that a summary judgment dismissal is a final adjudication on the merits under Fourth Circuit case law); Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002) (stating that "a dismissal for procedural default is a dismissal on the merits."), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011). Accordingly, the Petitioner's habeas petition is an unauthorized successive petition under § 2244(b).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, the Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255.  The Petitioner has not shown that he has obtained permission from the United States Court of Appeals for the Fourth Circuit to file a successive petition.  See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals.").  Accordingly, this successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

With regard to the Petitioner's Motion for Appointment of Counsel, [Doc. 8], there is no constitutional right to counsel in § 2254 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Under 18 U.S.C. § 3006A(a)(2)(B), however, a court may appoint counsel in a habeas proceeding if it finds that "that the interests of justice so require."  See also

5

Rule 6(a) of the Rules Governing Section 2254 Proceedings (providing that the court may authorize discovery for good cause and appoint an attorney to assist in discovery). Because this matter will be dismissed, the Court will deny the Petitioner's request to appoint counsel.

Because the Court has disposed of the habeas petition, the Petitioner's Motion for Writ of Mandamus [Doc. 10] is moot. See In re Dixon, 21 F. App'x 198, 198 (4th Cir. 2001). ("Because the district court has disposed of [the habeas] petition and closed the case on its docket, [the] petition for a writ of mandamus is moot."). As such, the Petitioner's Motion for Writ of Mandamus will be denied.

Likewise, the Petitioner's "Motion for Judicial Plenary Review De Novo" [Doc. 9] and Motion for Evidentiary Hearing [Doc. 11] are moot because the Petitioner's habeas petition will be dismissed. Accordingly, those Motions will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when

relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

(2) The Petitioner's Motions to Amend [Doc. 6; Doc. 7] are **GRANTED**.

(3) The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as an unauthorized, successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3).

(4) The Petitioner's Motion for Appointment of Counsel [Doc. 8] is **DENIED**.

(5) The Petitioner's Motion for Writ of Mandamus [Doc. 10] is **DENIED**.

(6) The Petitioner's "Motion for Judicial Plenary Review De Novo" [Doc. 9] is **DENIED**.

(7) The Petitioner's Motion for Evidentiary Hearing [Doc. 11] is **DENIED**.

(8) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk of Court is directed to close this civil action.

**IT IS SO ORDERED**.

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge