IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 3:20-cv-00306-MR

| | |
|---|---|
| WALTER TIMOTHY GAUSE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ERIK A. HOOKS, Secretary of ) <br> Department of Public Safety, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court upon the Petitioner's Motion for Relief from Judgment filed on March 8, 2021. [Doc. 26]. For the reasons set forth below, the Court dismisses the Petitioner's motion as an unauthorized and successive habeas petition.

**I.    PROCEDURAL BACKGROUND**

Walter Timothy Gause (the "Petitioner") is a prisoner of the State of North Carolina, who was convicted on February 20, 2014 in Mecklenburg County Superior Court of robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon. State v. Gause, 772 S.E.2d 265, 2015 WL 1529828, at *1-2 (N.C. Ct. App.) (unpublished), disc. rev. denied, 776 S.E.2d 858 (2015) (Mem.). The trial court sentenced the Petitioner to consecutive

1

active sentences of 146–185 months imprisonment for the robbery and conspiracy convictions, and 59–80 months for the assault conviction. Id.

After seeking post-conviction relief in the state courts, the Petitioner filed a Petition for Writ of Habeas Corpus with this Court. Gause v. Perry, No. 3:16-cv-00631-FDW, 2017 WL 581331, at *1 (W.D.N.C. Feb. 13, 2017). On February 13, 2017, the Court entered an Order granting the Respondent's Motion for Summary Judgment and denying the Petition for Writ of Habeas Corpus. Id.[1] The Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the appeal on September 20, 2017. Gause v. Perry, 697 F. App'x 220 (4th Cir. 2017).

On August 2, 2020, the Petitioner filed a second Petition for Writ of Habeas Corpus, which this Court dismissed as an unauthorized, successive habeas petition. Gause v. Hooks, No. 3:20-cv-00306-MR, 2020 WL 6689358, *2-3 (W.D.N.C. Nov. 12, 2020) [Docs. 1, 12]. The Petitioner filed a Notice of Appeal, which the appellate court dismissed on February 26, 2021. Gause v. Hooks, 837 Fed. App'x 1002 (4th Cir. 2021) (Mem.) (unpublished).

On March 8, 2021, the Petitioner filed the instant motion seeking relief from judgment pursuant to Rule 60(b)(3),(6) and (d)(1),(3). [Doc. 26].

---

[1] The Honorable Frank D. Whitney presiding.

## II.	LEGAL STANDARD

Rule 60(b) permits a court to correct orders and provide relief from judgment under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  The movant must also demonstrate "that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).  Rule 60(b) motions must be made within a reasonable time, and those filed under Rule 60(b)(1) must be filed within one year from the date of judgment.  Id.

When seeking relief under Rule 60(b), the movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)).  Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

3

Rule 60(d)(1) provides that courts may "entertain an independent action to relieve a party from a judgment, order or proceeding." Fed. R. Civ. P. 60(d)(1). "Independent actions must ... be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed. 2d 32 (1998)(quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed. 1250 (1944)).

Rule 60(d)(3) permits a court to exercise its inherent powers to set aside a final judgment after one year if the movant provides clear and convincing evidence of "fraud on the court." Fox ex rel. Fox v. Elk Run Coal Co. Inc., 739 F.3d 131, 136 (4th Cir. 2014). However, application of this rule is generally limited to situations such as "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directed or impinged." Id. (quoting Great Coastal Express, Inc. v. Intl. Brotherhood of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982)). The movant must demonstrate that the fraud "not only ... involve[s] an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." Id.

Where a Rule 60 motion directly attacks the petitioner's conviction or sentence instead of seeking a remedy for a defect in the collateral review process, the court shall treat such motion as a successive petition for post-conviction relief. U.S. v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). See also Gonzalez v. Crosby, 545 U.S. 524, 531-33, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)(concluding that a Rule 60(b) motion that directly challenges the underlying conviction constitutes a successive post-conviction petition).

## III. DISCUSSION

The Petitioner seeks relief from this Court's Order dismissing his Petition for Writ of Habeas Corpus and requests this Court reopen his habeas proceeding and grant his petition. [Doc. 26]. The Petitioner alleges that the Court committed plain error and abused its discretion in dismissing his petition as successive and unauthorized. Id., p. 1-2. The Petitioner claims that a fundamental miscarriage of justice has occurred based upon the State destroying and fabricating evidence to secure his wrongful conviction. Id., p. 1-4. The Petitioner argues that he properly exhausted his state court claims and also appears to attempt to allege ineffective assistance of counsel. Id.

Aside from his conclusory and unsupported assertion that the Court erred in dismissing his petition as successive and unauthorized, the

5

Petitioner makes no further Rule 60 arguments. Despite labeling his motion under Rule 60(b)(3),(6) and (d)(1),(3), the Petitioner provides no factual assertions or support for any claim under these subsections of Rule 60. The Petitioner's claims of destruction of evidence and ineffective assistance of counsel are not proper challenges that would entitle him to Rule 60 relief. Rather, they are a continuation of the Petitioner's ongoing attempt to attack his underlying criminal conviction and sentence. Therefore, in substance, the Petitioner's Rule 60 motion constitutes a successive habeas petition.

Because the Petitioner has not obtained the required authorization from the Fourth Circuit to file a successive habeas action challenging his conviction and sentence, his motion is subject to dismissal. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007)(holding that district court lacked jurisdiction to consider successive petition where petitioner failed to obtain authorization to file).

## IV. CONCLUSION

For the reasons stated herein, the Petitioner's Motion for Relief from Judgment [Doc. 26] is dismissed. The Petitioner's motion is a successive and unauthorized petition for writ of habeas corpus, and he has not obtained permission from the appellate court to file a successive motion.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion for Relief from Judgment [Doc. 26] is **DISMISSED** as an unauthorized, successive Section 2254 petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: April 12, 2021

Martin Reidinger
Chief United States District Judge

7

Case 3:20-cv-00306-MR   Document 28   Filed 04/12/21   Page 7 of 7